## T. G. HAUGHTON v. T. J. MERONY.

A bond given in March, 1864, for Confederate money borrowed at that time payable the 1st of October of the same year "in four *per cent.* Confederate bonds or certificates, or in Confederate currency to be issued after the 1st April, 1864," is not illegal and void, and a recovery may be had upon it for an amount in United States currency to be estimated according to the legislative scale.

The case of *Phillips* v. *Hooker*, Phil. Eq. 193, cited and approved.

This was a civil action tried before his Honor, *Henry, J.,* at the Fall Term, 1870, of ROWAN Superior Court, when the plaintiff obtained a verdict and judgment and the defendant appealed. The pleadings and facts of the case are sufficiently stated in the opinion of the Court.

*Boyden & Bailey,* for the defendant.
*Blackmer & McCorkle* and *A. Jones,* for the plaintiff.

RODMAN, J. This is an action brought on a bond made by defendant, dated 30th March, 1864, by which in consideration of $6,200, in Confederate money paid to him by the plaintiff, he promises to pay to the plaintiff, on demand, the like sum in four per cent. Confederate bonds or certificates by the 1st of October, 1864, or in Confederate currency to be issued after 1st of April, 1864.

The defendant answered denying the execution of the covenant declared on, and alleging that the covenant was illegal and void,

The jury found that he did make the covenant and assessed the plaintiff's damages at $251 08, being the value of the Confederate bonds in October, 1864, according to the legislative scale for Confederate money, leaving it to the Judge to say whether in law the consideration was illegal. His Honor was of opinion that it was not, and gave judgment according to the verdict, from which the defendant appealed.

The question whether a contract in which Confederate treasury notes or currency, was the consideration, would be enforced, came before this Court at June Term, 1867, in the case of *Phillips* v. *Hooker*, Phil. Eq. 193. The case was considered by the Court with great care, and it was held upon reasons which appear to us solid, that such a contract was not illegal. The principle of this case has since then been repeatedly approved, and we consider that it is not now an open question.

The defendant, however, endeavors to distinguish this case from that, on the ground, that here the payment was to be made in four per cent. Confederate bonds or certificates, or in what was known as the "new issue" of Confederate treasury notes. We cannot perceive any substantial distinction. The only difference between the treasury notes and the bonds, was, that the latter bore interest and the former did not. Both were payable on the condition of the ratification of a treaty of peace between the United States and the

Confederate States, both were issued by the Confederate government for the purpose of aiding it to carry on the war; and they must stand on the same footing as subjects of traffic. The value of the Confederate bonds was calculated by the legislative scale, and we think that was right. The scale was intended to be applicable to all Confederate securities which were substantially similar.

There is no error.

PER CURIAM.                          Judgment affirmed.